IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**HENRY BOUGARD JORDAN**                                                                                 **PETITIONER**

**v.**                                              **CAUSE NO. 1:18-cv-235-LG-MTP**

**STATE OF MISSISSIPPI**                                                                  **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the *pro se* Petition of Henry Bougard Jordan for Writ of Habeas Corpus [1] and Respondent's Motion to Dismiss [8]. Having carefully considered the submissions of the parties, the record, and the applicable law, the undersigned recommends that Respondent's Motion to Dismiss [8] be GRANTED and that the Petition [1] be DISMISSED with prejudice.

## PROCEDURAL HISTORY

On June 23, 2015, Petitioner pleaded guilty to felony domestic violence-aggravated assault in the Circuit Court of Harrison County, First Judicial District. He was sentenced as a habitual offender pursuant to Miss. Code Ann. § 99-19-81 to serve an eleven-year term of imprisonment. *See* Order [8-1] at 4-5.

On March 9, 2016, Petitioner filed a motion for post-conviction collateral relief in the Harrison County Circuit Court, challenging his conviction and sentence. *See* PCR Motion [8-4].[1]

---

[1] In his PCR motion, Petitioner raised the following grounds for relief: (1) his guilty plea was not entered into voluntarily, knowingly, and intelligently; (2) his conviction and sentence derived from a violation of his right against double jeopardy; (3) his conviction and sentence derived from a defective indictment; (4) his conviction and sentence derived from an improper amendment to the indictment; (5) he was denied his right to effective assistance of trial counsel; and (6) his sentence is illegal as a matter of law and/or in the interest of justice.

After Petitioner filed his PCR motion, he also filed in the circuit court a "Motion to Modify, Reduce, Alter, or Amend Sentence," a "Motion for Modification of Sentence," and a "Petition

On October 5, 2017, the circuit court denied Petitioner's PCR motion, finding his grounds for relief to be without merit. *See* Order [8-2].[2] Petitioner did not file an appeal of the circuit court's order denying post-conviction relief.

Petitioner, however, filed the instant federal habeas petition on or about July 16, 2018. Thereafter, Respondent filed a Motion to Dismiss [8], arguing that Petitioner has failed to exhaust his state court remedies and that the Petition [1] should be dismissed with prejudice because Petitioner's claims are procedurally defaulted. Respondent emphasizes that Petitioner did not appeal the trial court's denial of his motion for post-conviction relief. Respondent also asserts that the time for filing a proper appeal of the trial court's judgment has passed, and, therefore, Petitioner's claims are procedurally barred.

## ANALYSIS

Under 28 U.S.C. § 2254(b)(1), a state prisoner seeking habeas relief is required to first exhaust state remedies. Section 2254 provides, in relevant part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A) the applicant has exhausted the state remedies available in the courts of the States; or
>
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the appellant.
> . . .

---

for Parole Recommendation." *See* Pleadings [8-6] [1-1] [8-7]. In his motions [8-6] [1-1], Petitioner raised issues which he had previously addressed in his PCR motion. In his petition [8-7], he requested that the trial court approve his request for parole consideration.

[2] On January 23, 2017, Petitioner filed a petition for a writ of mandamus in the Mississippi Supreme Court, requesting an order from that court requiring the circuit court to rule on his PCR motion. After the circuit court denied the PCR motion, the Mississippi Supreme Court dismissed the petition for a writ of mandamus as moot. *See* [9-1] at 1, 96.

> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

A fundamental prerequisite to federal habeas relief is exhaustion of all claims in state court prior to requesting federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). The exhaustion doctrine serves the salutary purpose of "giving the state courts the first opportunity to review the federal constitutional issues and to correct any errors made by the trial courts, [and thus] serves to minimize friction between our federal and state systems of justice." *Satterwhite v. Lynaugh*, 886 F.2d 90, 92 (5th Cir. 1989) (internal quotations and citations omitted).

"Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts…state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999) (citing *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998)). Further, exhaustion requires a habeas applicant to "'present his claims before the state courts in a procedurally proper manner according to the rules of the state courts.'" *Id.* (citing *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988)).

In this case, the undersigned finds that Petitioner has failed to properly exhaust his claims in state court. As set forth above, Petitioner properly filed a post-conviction motion in the circuit court, which was denied. Petitioner, however, failed to appeal the circuit court's judgment.

Thus, Petitioner's claims have not been "fairly presented" to the Mississippi Supreme Court in a "procedurally proper manner," as the state court did not have the opportunity to consider the merits of Petitioner's grounds for relief. *Mercadel*, 179 F.3d at 275. Accordingly, Petitioner has failed to fulfill the exhaustion requirement of 28 U.S.C § 2254(b)(1), and his petition should be dismissed.

Additionally, the time for Petitioner to exhaust his claims in state court has expired. The deadline to file a notice of appeal is thirty (30) days from the date of entry of the judgment or order. *See* Miss. R. App. P. 4. Thus, the time for appealing the circuit court's judgment, which was entered on October 5, 2017, has long expired.

As the time for exhausting his claims has passed, Petitioner has procedurally defaulted his claims for purposes of federal habeas review. *See Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001) ("If a petitioner fails to exhaust his state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claims procedurally barred, then there has been a procedural default for purposes of federal habeas corpus relief."); *see also Jones v. Jones*, 163 F.3d 285, 296 (5th Cir. 1998) (stating that when federal habeas claims "are 'technically' exhausted because, and only because, [petitioner] allowed his state law remedies to lapse without presenting his claims to the state courts . . .[,] there is no substantial difference between nonexhaustion and procedural default").

Therefore, federal habeas review of Petitioner's claims is precluded unless he can show cause for his default and actual prejudice as a result, or that the Court's decision not to address the claims would result in a miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Sones v. Hargett*, 61 F.3d 410, 418 (5th Cir. 1995). To prove cause sufficient to excuse

4

default, Petitioner must establish that some external impediment prevented him from raising the defaulted claims. *Coleman*, 501 U.S. at 753.

Petitioner did not file a response to the Motion to Dismiss [8]. In his Petition [1], however, Petitioner states that he did not appeal the circuit court's denial of his PCR motion because he could not file an appeal as a result of his guilty plea.[3] That is not the law in Mississippi. A direct appeal of his conviction was not available because Petitioner entered a guilty plea. *See* Miss. Code Ann. § 99-35-101. Petitioner, however, could (and did) attack his conviction and sentence through a motion for post-conviction collateral relief and had the right to appeal the circuit court's ruling on his PCR motion. *See Small v. State*, 81 So. 3d 1179, 1181 (Miss. App. 2011); Miss. Code Ann. 99-39-25. The record does not reflect any external impediment which caused Petitioner to procedurally default his claims, and "neither his *pro se* status nor ignorance of the law constitutes cause to overcome his procedural default." *See Young v. Epps*, 2015 WL 1198082, at *6 (S.D. Miss. Mar. 13, 2015) (citing *Hogue v. Johnson*, 131 F.3d 466, 497 (5th Cir. 1997)). Thus, Petitioner has failed to demonstrate the requisite "cause and prejudice" necessary to obtain review of his claims. *Coleman*, 501 U.S. at 753.

Petitioner has also failed to establish that a failure to consider his claims will result in a fundamental miscarriage of justice. Federal law is abundantly clear that the miscarriage of justice exception is strictly limited to cases of actual innocence and does not reach questions of due process in a habeas claim. *See*, *e.g.*, *Schlup v. Delo*, 513 U.S. 298, 316 (1995) ("Without any new evidence of innocence, even the existence of a concededly meritorious violation is not itself sufficient to establish a miscarriage of justice that would allow a habeas court to the merits of a barred habeas claim."). Actual innocence claims must be supported with new, reliable evidence

---

[3] Petitioner specifically stated, "I couldn't appeal if I had took a plead [sic]." Petition [1] at 5.

and a showing that "it was more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999). Petitioner has not presented any such evidence. Accordingly, Petitioner's claims are procedurally barred, and habeas relief must be denied.

## RECOMMENDATIONS

For the reasons set forth above, the undersigned recommends that Respondent's Motion to Dismiss [8] be GRANTED ant the Petition [1] be DISMISSED with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 14th day of January, 2019.

s/ Michael T. Parker
United States Magistrate Judge
